CENTRAL CITY LUMBER CO. v. WEBER.

CONTRACTS—IMPLIED AGREEMENTS—MATERIAL MEN—LIABILITY OF OWNER TO MATERIAL MEN.

In an action brought by a corporation which furnished material to defendant's contractors who were engaged in constructing a house under a building contract, evidence that plaintiff presented its claim to the owner and received from him a promise to pay the obligation, which was denied by the testimony of the defendant, in the absence of proof of a promise to forbear the filing of a

lien under the mechanic's lien law, did not sustain a
judgment for the plaintiff; and no implication arose from
the testimony that because plaintiff had told defendant
it would hold the property and did not hold it for the
obligation it must have been understood by defendant
that it had abandoned its right to a lien in reliance upon
the promise to pay the obligation.

Error to Jackson; Parkinson, J. Submitted Janu-
ary 26, 1915. (Docket No. 54.) Decided March 17,
1915.

Assumpsit in justice's court by Central City Lumber
Company against Andrew Weber for lumber and
materials furnished to defendant. From a judgment
for defendant plaintiff appealed to the circuit court.
Judgment for plaintiff. Defendant brings error. Re-
versed; new trial denied.

*A. O. Reece,* for appellant.

*Lyman B. Trumbull,* for appellee.

OSTRANDER, J. Plaintiff furnished certain material
to contractors who had undertaken to construct a
house for defendant. The cost of the material was
charged to the contractors on plaintiff's books. The
contractors abandoned the job, and defendant pro-
cured it to be finished. The cost of the material had
been estimated by plaintiff, and all of it had been
ordered by the contractors. The last material seems
to have been furnished October 4, 1913. The balance
left unpaid was $112.38. Plaintiff sued the owner for
the unpaid balance, and recovered. The jury was in-
structed, in part, as follows:

"It is not enough that the defendant, Mr. Weber,
simply promised to pay to the plaintiff company a
debt owing to it by Andrews and Vogt. There is no
written evidence signed by Weber to sustain such a

claim, and, if that is all or the most you can find from the evidence, your verdict must be for the defendant. For such a promise to be valid and binding, it must be supported by a valid and valuable consideration. The consideration here claimed is to assume and pay the balance owing by Andrews and Vogt to plaintiff company on the understanding that plaintiff would not place a lien upon Weber's property for this claim, and that it did not do so and gave up or abandoned its right to secure itself by such arrangement or understanding. Was there such an understanding on the part of both parties? Was that understanding performed on the part of the plaintiff company? When I say, was there such an understanding on the part of both parties, did they by their talks mean and understand each other that plaintiff would not put any lien on, would give up any right it had to put a lien on, and thereby secure itself, relying on the promise of the defendant to pay the debt? And did the plaintiff company forego its lien, let the time go by, and lose its opportunity to secure itself in reliance upon that promise, and did the defendant, Weber, so understand it? If there was such an understanding, it is evidenced by the two conversations had between Finch and Weber.

"I am not going to try to give all of what Finch testified to on that subject, nor all of what the defendant testifies to on that subject. You have heard the testimony, and it has been discussed here by the attorneys. But I shall refer to part of it and what I may consider the very essential part.

"In the first conversation had over the phone, the plaintiff claims that Finch told Weber the company intended to hold the job anyway for its bill, and that Weber said, 'All right.' In that conversation there is no claim that Weber made any promise to pay, but, if that talk was had, he was informed that plaintiff intended to secure its pay by holding the job anyway, and plaintiff claims it was by such language understood by both parties that the company would place a lien on the property to secure itself. In other words, by the use of the language 'it would hold the job for it,' 'hold the job anyway,' it meant to put a lien on, which would be security and hold the job.

"Plaintiff claims there was a later talk between Finch and Weber when $200 was paid in by Weber, in which talk Weber asked for more time, and Finch said 'All right, so long as you will pay it,' and Weber replied, 'I will pay it,' and plaintiff claims it did thereupon, and in reliance upon such conversations, and because of it, let the time go by for securing itself by a lien upon the property, and thereby lost a security it might have had.

"In giving to you what I say their claims are, I have not covered all the language of those conversations, and it is for you to say what the conversations really were and what the parties meant by it and what the effect of the conversation was.

"But, if you find from a preponderance of the evidence, which means the greater weight of the evidence, in this case, that the defendant, Weber, for the purpose of inducing or prompting plaintiff to forbear filing a claim of mechanic's lien, which lien plaintiff was then entitled by law to file, by promising plaintiff to pay the account in question, and said plaintiff relied upon such promise, and for that reason did not file a lien against the property of said defendant during the time when the same by law could be claimed—that is to say, within 60 days after the last of these materials were furnished—then under such state of facts, if you find they exist, I charge you that plaintiff's forbearance to file a lien, and thereby relieving defendant's property of the incumbrance, would be a good and valid consideration for defendant's promise to pay it, and he would be liable therefor."

Appellant contends there was no testimony warranting this instruction. In this I think he is right. There is testimony tending to prove that defendant said he would pay the debt, and that after all material had been delivered he asked for and was promised time in which to pay it, none tending to prove that the consideration for the promise was forbearance by plaintiff or an agreement on its part to forego the filing of a lien. It is not necessary to set out the testimony. Plaintiff's witnesses do not claim there

was any such agreement.   Defendant denies that he ever promised to pay the debt.

Plaintiff relies upon an implication, namely, that because it once told defendant that. it would hold the property, and did not hold it (meaning by a mechanic's lien), and defendant afterwards said he would pay the debt, it must have been understood by defendant that plaintiff was relying upon the promise and would therefore forego the lien.   This is by no means the necessary, nor do I think it the proper, implication from the testimony.

The judgment is reversed, and there seems to be no reason for ordering a new trial.

BROOKE, C. J., and MCALVAY, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.